1  TRE LOVELL, State Bar No. 162806
2  SARAH SILBERT, State Bar No. 198594
   THE LOVELL FIRM, A Professional Law Corporation
3  1875 Century Park East, Suite 1490
   Los Angeles, California 90067
4  Tel: (310) 275-2100
   E-mail: tre@lovellfirm.com

5  Attorneys for Plaintiff
6  INTERNATIONAL MANUFACTURING CONCEPTS, INC., a Nevada
   Corporation, dba MELOMEGA MUSIC and SOUND GEMS

7

8

9               UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 INTERNATIONAL MANUFACTURING           ) Case No. 2:22-cv-2650
   CONCEPTS, INC., a Nevada Corporation, )
13 dba MELOMEGA MUSIC and SOUND          ) **COMPLAINT FOR**
   GEMS,                                 ) **COPYRIGHT INFRINGEMENT**
14                                       )
                  Plaintiff,             ) **DEMAND FOR JURY TRIAL**
15                                       )
           -vs-                          )
16                                       )
   JUSTIN BIEBER, an individual; DAN     )
17 SMYERS, an individual; SHAY           )
   MOONEY, an individual; JESSIE JO      )
18 DILLON, an individual; JORDAN         )
   REYNOLDS, an individual; JASON        )
19 BOYD, an individual; WARNER MUSIC     )
   NASHVILLE, LLC, a Tennessee limited   )
20 liability company; W CHAPPELL MUSIC   )
   CORP., a California corporation dba WC )
21 MUSIC CORP. (f/k/a WB MUSIC           )
   CORP.); BMG RIGHTS                    )
22 MANAGEMENT (US) LLC, a Delaware       )
   limited liability company dba BMG     )
23 GOLD SONGS; WARNER MUSIC             )
   GROUP CORP., a Delaware corporation;  )
24 WARNER-TAMERLANE PUBLISHING           )
   CORP., a California corporation;       )
25 UNIVERSAL MUSIC CORPORATION,          )
   a Delaware corporation; POO BZ INC., a )
26 California corporation aka POO BZ     )
   PUBLISHING and POO B Z               )
27 PUBLISHING INC; BIG MACHINE          )
   MUSIC LLC dba BIG MUSIC              )
28 MACHINE, a Delaware limited liability )

                COMPLAINT FOR COPYRIGHT INFRINGEMENT

1  company; BIG ASS PILE OF DIMES      )
   MUSIC, an entity of unknown form;    )
2  SHAY MOONEY MUSIC, an entity of     )
   unknown form; BIEBERTIME             )
3  PUBLISHING, LLC dba BIEBER TIME      )
   PUBLISHING, a Delaware limited        )
4  liability company; BUCKEYE26, an entity )
   of unknown form; JREYN                )
5  PRODUCTIONS LLC, a Tennessee         )
   limited liability company dba          )
6  JREYNMUSIC; BEATS AND BANJOS,       )
   an entity of unknown form; and DOES 1 )
7  through 50 inclusive,                 )
                     Defendants.          )

8

9

10      Plaintiff INTERNATIONAL MANUFACTURING CONCEPTS, INC., a

11  Nevada    Corporation,    dba    MELOMEGA    MUSIC    and    SOUND    GEMS

12  ("Melomega") hereby complains and alleges as follows:

13                        **INTRODUCTION**

14      1.      Creative theft in the entertainment industry has become its own cottage

15  industry. Its perpetrators pillage the labor of lesser-known, hard-working creators,

16  while unapologetically exploiting such work as their own. This flagrant pilfering of

17  the creative victims' intellectual property is no more alive than in the music industry

18  where innocent songwriters and artists are routinely left as collateral damage. Ergo,

19  this case.

20      2.      Make no mistake, this case marks an instance of blatant and errant

21  copying. Enter Defendants JUSTIN BIEBER, DAN SMYERS, SHAY MOONEY,

22  JESSIE JO DILLON, JORDAN REYNOLDS, JASON BOYD, WARNER MUSIC

23  NASHVILLE, LLC, W CHAPPELL MUSIC CORP. dba WC MUSIC CORP. (f/k/a

24  WB MUSIC CORP.), BMG RIGHTS MANAGEMENT (US) LLC dba BMG

25  GOLD SONGS, WARNER MUSIC GROUP CORP., WARNER-TAMERLANE

26  PUBLISHING CORP., UNIVERSAL MUSIC CORPORATION, POO BZ INC.,

27  aka POO BZ PUBLISHING and POO B Z PUBLISHING, INC., BIG MACHINE

28  MUSIC LLC dba BIG MUSIC MACHINE, BIG ASS PILE OF DIMES MUSIC,

SHAY MOONEY MUSIC, BIEBERTIME PUBISHING, LLC dba BIEBER TIME
PUBLISHING; BUCKEYE26, JREYN PRODUCTIONS LLC dba JREYNMUSIC,
and BEATS AND BANJOS (collectively "Defendants") who, through their song
*10,000 Hours,* have committed, contributed to and/or participated in infringing
Plaintiff's work.

3.    In particular, Defendants JUSTIN BIEBER, DAN SMYERS and
SHAY MOONEY are some of the music industry's biggest artists, each having
achieved great fame, success and acclaim, with numerous mega-hits under their
belts. The success of their recent collaboration, *10,000 Hours*, has exceeded even
that of many of their past hits. Aside from the many awards and accolades *10,000
Hours* has received, the song has nearly two-billion streams internationally, and
nearly 800,000,000 streams on Spotify, alone. The problem: Defendants stole the
core portion of *10,000 Hours* from Plaintiff's song, *The First Time Baby Is A
Holiday* (*"First Time"*). *First Time*'s authors wrote the song over forty (40) years
ago. Most recently, Plaintiff released *First Time* in 2014 through one of the largest
music distributors in the world, Sony's *Orchard*. Here is a link to the song for easy
reference: https://youtu.be/oybr6KWbugo.

4.    Defendants' theft is impudently bold. One need only listen to *First Time*
and the infringing *10,000 Hours* to discern the unmistakable similarities between the
songs. However, subjective analysis aside, when the songs are viewed through the
objective, empirical lens of musical science—as was done in this case by one of the
top musicology experts in the industry—Defendants' infringement is unmistakable.
The result: a single, universal and ineluctable conclusion that Defendants stole
Plaintiff's song.

5.    *10,000 Hours* is not just substantially similar to *First Time*; Defendants
copied, in minute detail, the most important, core portion of Plaintiff's song, which
includes the chorus, verse and hook. The similarities are so striking that *10,000
Hours* simply cannot have been independently created.

6.    Defendants have profited considerably from their exploitation of Plaintiff's work. Plaintiff seeks redress from Defendants' egregious and blatant violation of Plaintiff's intellectual property rights and seeks, among other remedies, monetary compensation and attorneys' fees. Plaintiff also seeks an injunction enjoining Defendants from further distributing and exploiting their infringing song, as well as requiring Defendants to take all measures to ensure that Plaintiff (and/or the songwriters) receive credit and are included in any and all honors, awards and accolades, past and future, associated with the song.

## THE PARTIES

7.    Plaintiff INTERNATIONAL MANUFACTURING CONCEPTS, INC., dba MELOMEGA MUSIC, LTD. and SOUND GEMS ("Plaintiff" or "Melomega"), is a Nevada corporation. Plaintiff is the owner of the underlying musical composition and sound recordings of *First Time*. *First Time* is registered in the United States Copyright Office, with Copyright Registration numbers PA0000080539, SRu001465520 and SR0000904298.

8.    Defendant JUSTIN BIEBER ("Defendant Bieber") is an individual and, based on information and belief, a resident of Los Angeles, California. Defendant Bieber is the world famous singer and recording artist who co-wrote the musical composition and performed vocals on the infringing *10,000 Hours* sound recording. The U.S. Copyright registrations for the *10,000 Hours* musical composition, Reg. Nos. PA0002212950, PA0002223387, and PA0002248599 (collectively, the "*10,000 Hours* Music Registrations), identify Defendant Bieber as an author of the song's music and lyrics. Reg. No. PA0002223387 also identifies Defendant Bieber as a copyright claimant.

9.    Defendant DAN SMYERS ("Defendant Smyers") is an individual and, based on information and belief, a resident of Davidson County, Tennessee. Defendant Smyers is a world-famous singer and recording artist, and the recipient of numerous awards and accolades from the Academy of Country Music Awards,

the Billboard Music Awards, the CMT Music Awards and the Grammys. Defendant Smyers co-wrote the musical composition and performed vocals on the infringing *10,000 Hours* sound recording. The *10,000 Hours* Music Registrations identify Defendant Smyers as an author of the song's music and lyrics. Further, Plaintiff is informed and believes, and thereupon alleges that Defendant Smyers has and continues to come to Los Angeles, California, to perform regularly at live concerts. On information and belief, he also regularly performs at and/or attends music awards ceremonies in and around Los Angeles, including the American Country Countdown Awards, the Grammys, the American Music Awards, and the iHeartRadio Music Awards, and regularly travels to the Los Angeles area for television tapings and media appearances, including but not limited to *The Tonight Show* and *The Voice*. Moreover, he has specifically performed, sung and promoted the subject song *10,000 Hours* in Los Angeles and other parts of California on numerous occasions, committing copyright infringement violations personally, directly and specifically in the county of Los Angeles, State of California.

10.     Defendant SHAY MOONEY ("Defendant Mooney") is an individual and, based on information and belief, a resident of Davidson County, Tennessee. Defendant Mooney is a world-famous singer and recording artist and the recipient of numerous awards and accolades from the Academy of Country Music Awards, the Billboard Music Awards, the CMT Music Awards and the Grammys. Defendant Mooney co-wrote the musical composition and performed vocals on the infringing *10,000 Hours* sound recording. The *10,000 Hours* Music Registrations identify Defendant Mooney as an author of the song's music and lyrics.  Further, Plaintiff is informed and believes, and thereupon alleges that Defendant Mooney has and continues come to Los Angeles, California to perform regularly at live concerts. On information and belief, he also regularly performs at and/or attends music awards ceremonies in and around Los Angeles, including the American Country Countdown Awards, the Grammys, the American Music Awards, and the iHeartRadio Music

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1  Awards, and regularly travels to the Los Angeles area for television tapings and
2  media appearances, including but not limited to the *Tonight Show* and *The Voice*.
3  Moreover, he has specifically performed, sung and promoted the subject song *10,000*
4  *Hours* in Los Angeles and other parts of California on numerous occasions,
5  committing copyright infringement violations personally, directly and specifically
6  in the county of Los Angeles, State of California.

7       11.  Defendant JESSIE JO DILLON ("Defendant Dillon") is an individual
8  and, based on information and belief, a resident of Davidson County, Tennessee.
9  The *10,000 Hours* Music Registrations identify Defendant Dillon as an author of the
10  song's music and lyrics. Reg. No. PA0002223387 also identifies Defendant Dillon
11  as a copyright claimant. Based on information and belief, Defendant Dillon
12  previously resided in Los Angeles County, State of California, and continues to
13  return to Los Angeles for various awards shows, musical appearances and
14  promotional activities in furtherance of her musical career. Further, based on
15  information and belief, Defendant Dillon has songwriting credits associated with
16  over 900 songs and routinely writes music intended to be performed, distributed and
17  exploited in Los Angeles, California, conducts business in the music industry in this
18  county and state, and works with Los Angeles-based co-writers, musicians and/or
19  artists who have or will perform and market Defendant Dillon's songs in Los
20  Angeles County, State of California.

21       12.  Defendant JORDAN REYNOLDS ("Defendant Reynolds") is an
22  individual and, based on information and belief, a resident of Los Angeles,
23  California. The *10,000 Hours* Music Registrations identify Defendant Reynolds as
24  an author of the song's music and lyrics. In addition to residing in Los Angeles,
25  California, it is believed that Defendant Reynolds conducts business in the music
26  industry and routinely performs in Los Angeles, as well as promotes *10,000 Hours*
27  in this state and county.

28

1      13.    Defendant JASON BOYD ("Defendant Boyd") is an individual and,

2  based on information and belief, a resident of Miami-Dade County, Florida. The

3  *10,000 Hours* Music Registrations identify Defendant Boyd as an author of the

4  song's music and lyrics. Reg. No. PA0002223387 also identifies Defendant Boyd as

5  a copyright claimant. Plaintiff is informed and believes, and thereupon alleges that

6  Defendant Boyd, who also goes by the name of "Poo Bear," resided in Los Angeles,

7  California until in or about 2021 and routinely returns to Los Angeles to promote his

8  career. Like Defendants Meyers and Mooney, Defendant Boyd regularly attends

9  awards shows, events and openings in an around Los Angeles, including Variety's

10  1st Annual Hitmakers Luncheon, the Grammys, the Gushcloud Talent Agency

11  opening, the Wonderbrett Cannabis Store Grand Opening, the 31st Annual Rhythm

12  & Soul Music Awards, the ASCAP Pop Music Awards and ASCAP "I Create

13  Music" Expo. Further, based on information and belief, Boyd regularly promotes his

14  songs, including *10,000 Hours*, and conducts other business in the music industry in

15  the county of Los Angeles, State of California, including in connection with

16  Defendant Poo BZ, Inc., a California corporation of which Boyd is Chief Executive

17  Officer.

18      14.    Defendant WARNER MUSIC NASHVILLE, LLC ("Warner Music"),

19  is a Tennessee limited liability company, and serves as Defendant WARNER

20  MUSIC GROUP CORP.'s country music label. Warner Music owns the copyright

21  in the *10,000 Hours* sound recording, Reg. No. SR0000864368. Since 2017, Warner

22  Music artists have performed over 80 times at various venues throughout California,

23  including at last two live performances of *100,000 Hours* by Dan + Shay at the

24  Hollywood Bowl for the 2000 Country Music Awards and at the Staples Center on

25  or about October 15, 2021. Warner Music's website, at the URL

26  https://www.warnermusicnashville.com/artist, currently promotes approximately 22

27  upcoming California performances by Warner Music artists. Warner Music regularly

28  conducts business in Los Angeles, California, pertaining to a myriad of aspects of

the music industry, including but not limited to signing, developing, marketing and exploiting artists, recording music, publishing musical compositions, and generally conducting business in the music field while enjoying the benefits and privileges of doing business in Los Angeles, California. It is believed that Warner Music has specifically promoted, marketed and exploited *10,000 Hours* in Los Angeles, California.

15. Defendant WARNER MUSIC GROUP CORP. ("Warner") is a Delaware corporation that has filed as a foreign corporation in California and has offices located in Los Angeles, California. Warner oversees all of its music labels, including Defendant Warner Music, and, based on information and belief, Warner has control over the distribution, exploitation, marketing and sales of *10,000 Hours* through Warner Music.

16. Defendant W CHAPPELL MUSIC CORP. dba WC MUSIC CORP. (f/k/a WB MUSIC CORP.) ("W Chappell") is a California corporation with a principle place of business in Los Angeles County. U.S. Copyright Reg. No. PA0002212950 for the *10,000 Hours* musical composition identifies W Chappell's former dba, WB Music Corp., as a copyright claimant. Reg. No. PA0002223387 identifies W Chappell's current dba, WC Music Corp., as a copyright claimant.

17. Defendant BMG RIGHTS MANAGEMENT (US) LLC ("BMG") is a Delaware limited liability company. BMG is registered to do business, and has offices, in California. Based on information and belief, BMG sometimes does business as "BMG Gold Songs." U.S. Copyright Reg. No. PA0002248599 for the *10,000 Hours* musical composition identifies BMG as a copyright claimant. U.S. Copyright Reg. No. PA0002212950 for the *10,000 Hours* musical composition identifies BMG Gold Songs as a copyright claimant.

18. Defendant WARNER-TAMERLANE PUBLISHING CORP. ("Warner-Tamerlane") is a California corporation with a principal place of business in California. U.S. Copyright Reg. Nos. PA0002212950 and PA0002223387 for the

1    *10,000 Hours* musical composition identify Warner-Tamerlane as a copyright
2    claimant.

3         19.    Defendant UNIVERSAL MUSIC CORP. ("UMC") is a Delaware
4    corporation that has filed as a foreign corporation in California and has offices
5    located in Los Angeles, California. U.S. Copyright Reg. No. PA0002212950 for the
6    *10,000 Hours* musical composition identifies UMC as a copyright claimant.

7         20.    Defendant POO BZ INC., is a California corporation that, on
8    information and belief, is also known as POO B Z PUBLISHING, INC and POO BZ
9    PUBLISHING (collectively, "Poo BZ"). U.S. Copyright Reg. Nos. PA0002212950
10   and PA0002248599 for the *10,000 Hours* musical composition identify Poo BZ
11   Publishing, and Poo B Z Publishing Inc, respectively, as copyright claimants.
12   Further, by and through Defendant Boyd, who is believed to be a principal of
13   Defendant Poo BZ, and to operate on its behalf, Poo BZ has substantial contacts with
14   the county of Los Angeles, State of California, and specifically promotes its music,
15   including *10,000 Hours*, in this county and state.

16        21.    Defendant BIG MACHINE MUSIC LLC ("Big Machine") is a
17   Delaware limited liability corporation with a principal place of business in
18   Tennessee. Based on information and belief, Big Machine Music also does business
19   as "Big Music Machine." U.S. Copyright Reg. No. PA0002212950 for the
20   *10,000 Hours* musical composition identifies Big Music Machine as a copyright
21   claimant. Based on information and belief, Defendant Big Machine regularly
22   conducts promotional activities and engages in various aspects of the music business
23   in Los Angeles, California.

24        22.    Defendant BIG ASS PILE OF DIMES MUSIC ("Pile of Dimes") is,
25   based on information and belief, a business entity of unknown legal form and status.
26   U.S. Copyright Reg. No. PA0002212950 for the *10,000 Hours* musical composition
27   identifies Defendant Pile of Dimes as a copyright claimant. Based on information
28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1 | and belief, Defendant Pile of Dimes regularly conducts promotional activities and
2 | engages in various aspects of the music business in Los Angeles, California.

3 | 23.    Defendant SHAY MOONEY MUSIC ("Mooney Music") is, based on
4 | information and belief, a business entity, the legal form and status of which is
5 | currently unknown to Plaintiff. U.S. Copyright Reg. Nos. PA0002212950 and
6 | PA0002223387 for the *10,000 Hours* musical composition identify Mooney Music
7 | as a copyright claimant. Moreover, by and through Defendant Mooney as its
8 | principal, Mooney Music has substantial contacts with the County of Los Angeles,
9 | State of California, and specifically publishes and promotes its music, including
10 | *10,000 Hours*, in this county and state.

11 | 24.    Defendant BIEBERTIME PUBLISHING, LLC dba BIEBER TIME
12 | PUBLISHING ("Bieber Time") is a Delaware limited liability company with, based
13 | on information and belief, a principal place of business in California. U.S. Copyright
14 | Reg. No. PA0002212950 for the *10,000 Hours* musical composition identifies
15 | Bieber Time Publishing as a copyright claimant. Based on information and belief,
16 | Defendant Bieber Time regularly conducts promotional activities and otherwise
17 | does business in Los Angeles, California.

18 | 25.    Defendant BUCKEYE26 ("Buckeye") is, based on information and
19 | belief, a business entity, the legal form and status of which is currently unknown to
20 | Plaintiff. U.S. Copyright Reg. Nos. PA0002212950 and PA0002223387 for the
21 | *10,000 Hours* musical composition identify Buckeye26 as a copyright claimant.
22 | Based on information and belief, Defendant Buckeye regularly conducts
23 | promotional activities and engages in various aspects of the music business in Los
24 | Angeles, California.

25 | 26.    Defendant JREYNMUSIC ("Jreyn") is, based on information and
26 | belief, a business entity, the legal form and status of which is currently unknown to
27 | Plaintiff. U.S. Copyright Reg. Nos. PA0002212950 and PA0002223387 for the
28 | *10,000 Hours* musical composition identify Jreyn as a copyright claimant. Based on

information and belief, Defendant Jreyn operates by and through Defendant Reynolds as its agent, and has the similar contacts and relationship with Los Angeles, California as Defendant Reynolds, and also regularly conducts promotional activities and engages in various aspects of the music business in Los Angeles, California.

27.    Defendant BEATS AND BANJOS ("Beats") is, based on information and belief, a business entity, the legal form and status of which is currently unknown to Plaintiff. U.S. Copyright Reg. Nos. PA0002212950 and PA0002223387 for the *10,000 Hours* musical composition identify Defendant Beats as a copyright claimant. Based on information and belief, Defendant Beats regularly conducts promotional activities and engages in various aspects of the music business in Los Angeles, California.

28.    Plaintiff is informed and believes, and thereupon alleges, that other fictitious defendants, not previously identified by name but designated as Does 1 through 50, may be liable or responsible in whole or in part for the allegations contained herein. Once the true names and capacities of these Doe Defendants are ascertained, Plaintiffs will seek leave to amend this Complaint and substitute their true names and capacities.

29.    Plaintiff is informed and believes and thereupon alleges, that each of the Defendants named herein as Does 1 through 50, inclusive, is intentionally, negligently or otherwise legally responsible in some manner, either vicariously or by virtue of his, her or its agents, representatives, servants or employees, for the acts and occurrences alleged herein, and has thereby proximately caused injury or damage to Plaintiff.

30.    Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, the Defendants, and each of them, were the agents, partners, alter egos, joint venturers and/or employees of each other, and at all times were acting within the scope and course of said agency, partnership, joint venture, alter

ego relationship and/or employment, and with full knowledge and consent of each other. In so doing, the Defendants, and each of them, acted within the scope of such relationship or ratified the acts of the others, and is jointly and severally liable as such. Plaintiffs further believe and allege that Defendants, and each of them, are the alter egos of the other, and that there is such a unity of interest and ownership between and among Defendants, that such interests have become intertwined and inseparable.

## JURISDICTION AND VENUE

31.    The Court has federal question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a), as an action arising under the 1976 Copyright Act, 17 U.S.C. Sections 101, *et seq*.

32.    This Court has specific personal jurisdiction over Defendants because, based on information and belief, each has purposefully committed, within the state, the acts from which Plaintiff's claim arises and/or committed tortious acts outside California, knowing and intending that such acts would cause injury to Plaintiff within the state.

33.    Specifically, based on information and belief, Defendants have purposefully availed themselves of the benefits of conducting business within the State of California by directing their activities with respect to the infringing work, including their marketing and promotion of the infringing work, to California residents, who are able to purchase, download and stream the infringing compositions and recordings. Upon information and belief, Defendants, and each of them, have received substantial revenues from their exploitation of the infringing works in California.

34.    Upon information and belief, and as set forth above in greater detail, Defendants Bieber, Shay and Mooney, have performed and/or will perform touring dates in California to further exploit the infringing compositions and recordings, and

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1   have licensed, distributed and exploited the subject infringing song (and other songs)

2   in this state.

3       35.   The Court also has general personal jurisdiction over Defendants, as

4   each either resides in this state, has incorporated in this state, is licensed as a foreign

5   entity to do business in this state, has its principal place of business in this state,

6   and/or conducts continuous, systematic, and routine business within the state of

7   California and the County of Los Angeles and/or within this district.

8   Consequentially, by virtue of their pervasive business contacts and transactions

9   within the State of California, Defendants are constructively aware and can

10  reasonably expect and/or anticipate being sued in this jurisdiction.

11      36.   Venue is proper in the United States District Court for the Central

12  District of California pursuant to 28 U.S.C. §§ 1391(b) - (d) and 1400.

13                        **FACTUAL BACKGROUND**

14      37.   This is an action for copyright infringement, in violation of 17 U.S.C.

15  §§ 101 *et seq*., arising from the unauthorized reproduction, distribution and/or public

16  performance of Plaintiff's copyrighted musical composition *First Time*. Plaintiff is

17  informed and believes, and thereupon alleges, that Defendants are the writers,

18  composers, performers, producers, record label, distributors, and publishers who

19  were involved with the creation, release, reproduction, exploitation, licensing, and

20  public performance of the infringing and derivative musical composition *10,000*

21  *Hours,* the infringing sound recording of *10,000 Hours,* and the music video and

22  other products embodying the infringing musical composition and sound recording

23  *10,000 Hours* (collectively, the "Infringing Works"). Defendants Bieber, Smyers,

24  Dillon, Reynolds, Boyd, and Mooney (collectively, the "Composer Defendants")

25  each received credit as composers of the music and lyrics of *10,000 Hours.* The

26  corporate Defendants are, on information and belief, the publishing, distribution,

27  recording labels and other entities that exploit the song.

28

### A.   Plaintiff's Song *The First Time Baby Is A Holiday*

38.     Plaintiff Melomega is the owner of the copyright in the musical composition embodied in sound recordings of *First Time*. The authors of the music and lyrics of *First Time*, Palmer Rakes and Frank Fioravanti, respectively, were well-known songwriters at the time they authored the song. In 1973, shortly after forming their first record label, Sound Gems Records, one of their singles, *What You Got* by William Devaughn, earned a gold record, selling 2 million copies and climbing to number 2 or 3 on the charts, depending on the publication doing the ranking. Frank Fioravanti eventually formed Melomega, which released numerous songs in the 70's and 80's, including a number of chart-making songs in the top 100.

39.     In 1980, Melomega registered the musical composition for *First Time* with the U.S. Copyright Office, under registration number PA0000080539, under the title "The First time, baby, was a holiday." In 2014, Melomega recorded the song and, on August 4, 2021, registered the 2014 sound recording and derivative version of the musical composition under registration number SR0000904298, using the slightly altered title "The First Time Baby Is a Holiday." On February 15, 2021, Plaintiff also registered an unpublished sound recording of the 1980 version of *First Time* under registration number SRu001465520.

40.     Melomega initially released the 2014 sound recording in or about September, 2014. In 2017 and 2019, Melomega's Sound Gems Records label re-released the song on three different albums. In 2014, the sound recording commenced world-wide distribution via *The Orchard*, one of the largest music distributors in the world, which distributes to approximately 45 global markets and hundreds of retail outlets, if not more, including digital, physical and multimedia platforms.

### B.   Defendants' Song *10,000 Hours*.

41.     Defendants released *10,000 Hours* as a single in the United States on or about October 4, 2019. The official music video for the song debuted that same

day. On or about November 27, 2019, Defendants released a piano version of *10,000 Hours,* known as "the wedding version." The song also appears on the album entitled *Good Things,* which was released on or about August 13, 2021. *10,000 Hours* was a multi-week No. 1 hit, with nearly two billion global streams to date. In its first week of distribution, listeners streamed *10,000 Hours* more times than any other single in country music history, earning over four million U.S. track equivalents to date. It is only the sixth song ever to top all four *Billboard* country song charts simultaneously, and was also the highest-charting non-holiday country song in the history of *Billboard*'s streaming song charts.

42.   *10,000 Hours* received awards for "Best Country Duo/Group Performance" at the 2021 Grammy Awards, "Collaboration of the Year" and "Favorite Country Song" at the 2020 American Music Awards, and Top Country Song at the 2020 Billboard Music Awards. The Recording Industry Association of America certified *10,000 Hours* as Gold in late 2019, and the song went quadruple platinum in 2021.

**C.   Substantial Similarity Between *10,000 Hours* and *First Time***

43.   From a subjective standpoint, by simply listening to both songs, the average listener clearly hears the distinctively similar melody and other compositional elements in both songs. Indeed, the melodies of the chorus of *10,000 Hours* and the chorus/verse of *First Time* are practically identical.

44.   The listener's subjective observations are more than corroborated by an objective, scientific, empirical musical analysis conducted by one of the top musicologists in the industry, Dr. Alexander Stewart. Dr. Stewart, whose extensive analysis is set forth in his preliminary report, attached hereto as Exhibit A, came to the immutable conclusion that not only are these songs substantially similar, but from an analysis of the most significant, core expressions of each song, "*First Time Baby* and *10,000 Hours* are practically the same song [and] [g]iven the degree of

1  similarity in these passages and other details… I consider it almost impossible that

2  *10,000 Hours* was created independently from *First Time Baby*."

3       45.  From a general perspective, both songs have similar tempos, overall

4  feel, and form structure. More specifically, however, an analysis with respect to the

5  "core expression" of the songs is particularly striking and revealing. Such core

6  expression is found in the chorus of *10,000 Hours* and the chorus/verse of *First Time.*

7  These are the most important sections of the songs in which the titles of the songs

8  are referenced, the signature phrases and "hooks" are found, and which the listener

9  is most likely to identify and remember. Dr. Stewart compared the melodic themes,

10  pitch, rhythm, length, phrasing, hook, lyrics and metric placement of these core

11  sections of the songs and found them to be practically identical.

12       46.  For example, when the core sections of the songs are broken down into

13  their four component phrases, and the pitch sequences compared on a note-by-note

14  basis, the percentage of melodic components of *First Time* that also appear in *10,000*

15  *Hours* is as high as 83%, or all but two (2) of the twelve (12) notes.

16


24       47.  Moreover, when looking at the core portions of the songs as a whole,

25  34 of 47 notes—*i.e.*, 72%—in the pitch sequence of the main verse/chorus of *First*

26  *Time* appear in the chorus of *10,000 Hours*. [1]

27

28  _____

[1] In each of the graphs, identical notes are denoted in red.



48.     Even further, a comparison of the rhythm and metric placement of this extended, 47-note sequence demonstrates that nearly 90% of notes—an incredible 42 of 47 notes—are identical in this regard. While keeping the same rhythms, only four pitches were changed in two of the phrases, amounting to just a nominal variation. In other words, for all intents and purposes, the melodies and melodic structure of these two core sections of each song are the same.



49.     Additional analysis found other musical features to be substantially similar, including the harmony and accompaniment figures. In fact, the hooks of these songs are exactly the same—both end with the identical lyric "for the rest of

my life," set to the same melody.  This identical similarity can't be overstated.  The fact that both songs exhibit the exact same lyrics, pitch, rhythm, contours and metric placement at exactly the same moment in each song simply can't happen without copying.



50.   In looking at this analysis, it also is important to understand that musicological comparisons have in many cases involved comparisons of as few as 6 to 7 consecutive notes in the subject musical compositions. Here, in contrast, several *47-note* sections of *10,000 Hours* are virtually *identical* to parallel sections of *First Time*. Such a lengthy expression of largely identical musical composition is nothing less than strikingly similar. This, combined with the results of a prior art search which uncovered no compositions with anywhere near this degree of similarity pre-dating *First Time*, makes Defendants' theft abundantly clear.

///

///

///

///

///

///

///



51.    The musicological analysis is not only compelling but constitutes overwhelming evidence that *10,000 Hours* copied and is comprised of the most important portions of *First Time*. In fact, without *First Time*, *10,000 Hours* would not exist.

**D.    Access.**

52.    The fact that the core expression of the two songs is nearly identical and strikingly similar obviates the need to establish access, as such is inferred.

53.    Notwithstanding, *First Time* was written and recorded in 1980, and initially released in 2014 on Sony's Orchard platform, with subsequent releases in 2017 and 2019, for a total of three separate releases on three different albums. The Orchard is one of the largest music distributors in the world, reaching over 45 countries through hundreds of musical outlets. In the United States, *First Time* is distributed and available through all of the major retailers including top outlets such as iTunes, Spotify, Napster, Shazam, Soundcloud, Tidal, TikTok, Peloton, Vevo, Amazon Music, Facebook, YouTube Music and Pandora. In fact, there are five

different versions of *First Time* available for purchase on iTunes, alone. *First Time* was written four decades ago, and domestically and internationally distributed for approximately 5 years prior to the release of *10,000 Hours*. Thus, access through widespread distribution is undeniable.

### E.   Defendants' Unauthorized Exploitation of *First Time*

54.   Defendants have, without authorization, and without giving credit to either Palmer Rakes or Frank Fioravanti, or a copyright interest to Melomega, copied *First Time*, and reproduced, distributed, displayed, publicly performed and otherwise exploited the Infringing Works, resulting in substantial revenue, profit and fame for Defendants. Upon information and belief, each Defendant is responsible in some manner for the events described herein and are liable to Melomega for the damages it has incurred. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

55.   Defendants continue to infringe on the musical composition *First Time* by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing Works. *10,000 Hours* continues to be reproduced, sold, distributed, publicly performed, licensed and otherwise exploited on compact discs and albums, digital downloads, streaming, music videos, internet and other commercial products, all without payment to the Melomega or credit to Frank Fioravanti.

56.   These acts were willful, knowing, and malicious and perpetrated without regard to Melomega's rights.

### CAUSE OF ACTION COPYRIGHT INFRINGEMENT

### (Direct, Contributory, And Vicarious Copyright Infringement

### Against All Defendants)

57.   Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

58.     Plaintiff is the sole owner of the U.S. copyright in all rights, titles, and interests in the musical composition *First Time*. The musical composition is properly registered with the United States Copyright Office.

*59.*    Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of *First Time* infringes Melomega's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

60.     Defendants did not seek or receive permission to copy or interpolate any portion of *First Time* into *10,000 Hours.*

61.     Defendants' conduct has at all times been knowing, willful, and with complete disregard to Melomega's rights.

62.     As a proximate cause of Defendants' wrongful conduct, Melomega has been irreparably harmed.

63.     The Infringing Works copy quantitatively and qualitatively the most distinct, important, recognizable and significant portions of *First Time* to the point where *10,000 Hours* could not exist without the stolen portions of *First Time.*

64.     From the date of the creation of the infringing *10,000 Hours,* Defendants have infringed Melomega's copyright interest in *First Time* including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing *10,000 Hours* on the radio, at live concerts and personal appearances, and on film, video, television, internet and otherwise; (b) by authorizing the reproduction, distribution and sale of the records, digital downloads and streaming through the execution of licenses, and/or actually selling, manufacturing, and/or distributing *10,000 Hours* through various sources and outlets; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, downloads, streams, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through

1  substantial use of *First Time* in and as part of the Infringing Works, packaged in a
2  variety of configurations and digital downloads, streams, mixes and versions, and
3  performed in a variety of ways including internet, radio, concerts, personal
4  appearances, film, video, television, downloads, streams and otherwise.

5       65.    Neither Palmer Rakes nor Frank Fioravanti have received songwriter
6  or composer credit for, and Melomega has received no copyright ownership interests
7  in and for, any of the exploitations of *10,000 Hours* or any of the works associated
8  with *First Time*.

9       66.    The infringement by Defendants has been, and continues to be, willful
10  and knowing.

11       67.    With knowledge of the infringement, the Defendants have induced,
12  caused, or materially contributed to, the infringing conduct of others, such that they
13  should be found to be contributorily liable.

14       68.    Defendants had the right and ability to control other infringers and have
15  derived a direct financial benefit from that infringement such that Defendants should
16  be found to be vicariously liable.

17       69.    The infringement is continuing as the album *Good Things,* on which
18  *10,000 Hours* appears, continues to be sold and the single *10,000 Hours* continues
19  to be licensed for sale, downloads, streams, ringtones and/or mastertones, and other
20  exploitations by Defendants or their agents.

21       70.    As a direct and proximate result of Defendants' conduct, Melomega has
22  suffered actual damages including lost profits, lost opportunities, and loss of
23  goodwill.

24       71.    Pursuant to 17 U.S.C. § 504, Melomega is entitled to actual damages,
25  including Defendants' profits, as will be proven at trial, and/or statutory damages,
26  including attorneys' fees.

27       72.    Defendants' conduct is causing and, unless enjoined by this Court, will
28  continue to cause Melomega irreparable injury that cannot be fully compensated or

1  measured in monetary terms. Melomega has no adequate remedy at law. Pursuant to

2  17 U.S.C. § 502, Melomega is entitled to a permanent injunction prohibiting the

3  reproduction, distribution, sale, public performance or other use or exploitation of

4  *10,000 Hours,* including all Infringing Works.

### PRAYER FOR RELIEF

6  WHEREFORE, Melomega prays for judgment against Defendants and for the

7  following relief:

8  A.    A permanent injunction prohibiting Defendants and their agents,

9  servants, employees, officers, attorneys, successors, licensees, partners, and assigns,

10  and all persons acting in concert or participation with each or any one of them, from

11  directly or indirectly infringing, or causing, enabling, facilitating, encouraging,

12  promoting, inducing, and/or participating in the infringement of, any of Melomega's

13  rights protected by the Copyright Act; an order directing Defendants to include

14  credits on behalf of Melomega and/or the authors of *First Time* to be included on

15  any awards, accolades, events of prestige and/or other public recognition attributed

16  to *10,000 Hours*;

17  B.    An award of damages pursuant to 17 U.S.C. § 504(b), including actual

18  damages and Defendants' profits in an amount to be proven at trial;

19  C.    An award of statutory damages,

20  D.    An award of attorneys' fees;

21  E.    For pre-judgment and post-judgment interest according to law, as

22  Applicable.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1    F.    For such other and further relief as this Court may deem just and proper.

2

3

4    Dated: April 21, 2022                THE LOVELL FIRM, P.C.

5
                                    By:   *Tre Lovell*
6
                                          Tre Lovell
7                                         Attorneys for Plaintiff
                                          INTERNATIONAL
8                                         MANUFACTURING CONCEPTS,
                                          INC., a Nevada Corporation, dba
9                                         MELOMEGA MUSIC and SOUND
                                          GEMS
10

11

12                               **JURY DEMAND**

13         Plaintiff respectfully requests a jury trial.

14   Dated: April 21, 2022                THE LOVELL FIRM, P.C.

15
                                    By:   *Tre Lovell*
16
                                          Tre Lovell
17                                        Attorneys for Plaintiff
                                          INTERNATIONAL
18                                        MANUFACTURING CONCEPTS,
                                          INC., a Nevada Corporation, dba
19                                        MELOMEGA MUSIC and SOUND
                                          GEMS
20

21

22

23

24

25

26

27

28